**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa A. Raymond, et al., | No. CV-06–1988-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| CACV of Colorado, LLC, et al., | |
| Defendants. | |

This action arises under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The court has before it plaintiffs' "Motion to Strike Immaterial and Incomplete Affirmative Defenses" ("Motion to Strike") (doc. 19), the Neuheisel defendants' response (doc. 21) and plaintiffs' reply (doc. 22).

Plaintiffs move to strike five of the Neuheisel defendants' defenses[1] pursuant to Rule 12(f), Fed. R. Civ. P., see Motion to Strike at 2, which provides that "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion

---

[1] Plaintiffs move to strike the following defenses: (1) "plaintiffs have not suffered any damages;" (2) plaintiffs' "claimed damages, if any, were caused in whole or part by the conduct and acts or omissions of the Plaintiffs themselves;" (3) "declaratory relief is not available to the Plaintiffs," (4) laches and (5) unclean hands. See Motion to Strike at 1 (citing Amended Answer (doc. 18) at 3).

1 to strike is to avoid the expenditure of time and money that must arise from litigating
2 spurious issues by dispensing with those issues prior to trial." <u>Sidney-Vinstein v. A.H.</u>
3 <u>Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983). However, we will not grant a Rule 12(f)
4 motion to strike if it is a disguised motion to determine the underlying merits of the defense.
5 Those matters are best addressed "only after further development by way of discovery and
6 a hearing on the merits, either on a summary judgment motion or at trial." 5C Wright &
7 Miller, Federal Practice and Procedure § 1381. A 12(f) motion that attempts to attack the
8 underlying merits of a defense is both dilatory and harassing. <u>See</u> <u>id.</u>

9 In arguing that defendants may not claim that "Plaintiffs have not suffered any
10 damages," plaintiffs contend that "actual damages are not a prerequisite to an award of
11 statutory damages or attorneys fees." <u>Motion to Strike</u> at 4. Although actual damages are
12 not a prerequisite to an award under the FDCPA, they are available. <u>See</u> 15 U.S.C. §
13 1692k(a)(1). In fact, plaintiffs' amended complaint alleges that defendants are liable for
14 plaintiffs' "[a]ctual out-of-pocket damages." <u>Amended Complaint</u> (doc. 15) at 8. Therefore,
15 we will not strike this particular defense.

16 Next, plaintiffs argue that defendants cannot assert that plaintiffs' "claimed damages,
17 if any, were caused in whole or part by the conduct and acts or omissions of the Plaintiffs
18 themselves" because "[c]ontributory fault is not a defense to the FDCPA." <u>Motion to Strike</u>
19 at 3. Yet it is not obvious that defendants assert a contributory negligence defense; what they
20 may in fact be asserting is a causation defense. Plaintiffs themselves claim actual damages.
21 At this stage of litigation, defendants may defend by claiming that plaintiffs' actual damages
22 were not caused by defendants' conduct. Therefore, this defense does not meet any of the
23 grounds 12(f) provides as reason to strike.

24 Third, plaintiffs contend that defendants may not assert that declaratory relief is not
25 available to plaintiffs. <u>See</u> <u>Motion to Strike</u> at 6-7. Although the FDCPA expressly provides
26 for monetary relief, <u>see</u> 15 U.S.C. § 1692k, the availability of declaratory relief under the
27 FDCPA is very much an open question in all circuits. <u>See, e.g.</u>, Andrew Bradt, <u>Much to Gain</u>
28 <u>and Nothing to Lose: Implications of the History of the Declaratory Judgment for the (b)(2)</u>

Class Action, 58 Ark. L. Rev. 767, 825 (2006). We will not strike this defense because it would require us to prematurely decide its underlying merits.

Finally, plaintiffs argue that defendants cannot assert the equitable defenses of laches and unclean hands. The FDCPA is a strict liability statute. Clark v. Capital Credit & Collection Servs., 460 F.3d 1162, 1175 (9th Cir. 2006). For that reason, an FDCPA defendant's intent has no bearing on liability, although it may be considered in mitigating damages. See id. We might extrapolate this rule to find that an FDCPA plaintiff's inequitable conduct is likewise immaterial. However, we are aware of no binding authority that would require such a sweeping conclusion. Therefore, we decline to strike defendants' unclean hands and laches defenses.

Therefore, it is **ORDERED DENYING** plaintiffs' Motion to Strike (doc. 19).

DATED this 20th day of February, 2007.

_____
Frederick J. Martone
United States District Judge

- 3 -